UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    KEVIN P. BURGESS                      )    Case No. 05-12813-SSM
    KELLEY J. BURGESS                     )    Chapter 7
                                          )
                Debtors             )

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO REOPEN**

Before the court are the debtors' motions to reopen their closed case for the purpose of filing adversary proceedings against two creditors—Capital One Bank, FSB ("Capital One"), and HSBC USA, Inc. ("HSBC")—for violation of the discharge injunction and, with respect to HSBC, the Fair Debt Collection Practices Act. Notice of the motion was given to the two creditors. Capital One filed no response to the motion to reopen and did not appear at the hearing. HSBC, however, made a special appearance[1] and opposed reopening on the ground that the underlying claim against it was without merit and should be either be dismissed for failure to state a claim for relief or on summary judgment.

Background

Kevin P. Burgess and Kelley J. Burgess are husband and wife. They filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on July 26, 2005, and received a discharge on November 7, 2005. The trustee in the interim having

---

[1] HSBC says that the name under which the debtor intends to sue it is a non-existent entity. Based on the affidavit filed with its motion to dismiss, it appears that Household Finance Corporation, the original creditor, was merged into Household International, Inc., which in turn is now known as HSBC Finance Corporation.

1

filed a report of no distribution, the case was closed on November 14, 2005.  Among the unsecured creditors listed on their schedules were "Capital One" and "HFC."

On November 21, 2006, two motions to reopen were filed, one by Kelley Burgess to obtain relief against Capital One and the other by Kevin Burgess to obtain relief against HSBC.  Attached to each motion is a proposed complaint that would be filed against the respective creditor if the motion to reopen were granted.  The proposed complaint against Capital One alleges that, following Ms. Burgess's discharge, the creditor reported the debt to a credit reporting agency as "120 days past due" rather than as "discharged in bankruptcy" or "included in bankruptcy."[2]  The complaint asks that Capital One be held in contempt for violation of the discharge injunction and ordered to report the debt as discharged in bankruptcy.  The proposed complaint against HSBC alleges that, following Mr. Burgess's discharge, the creditor reported the debt to a credit reporting agency as "charged off as bad debt" with a balance due of $5,396.  The complaint asks that HSBC be held in contempt for violation of the discharge injunction and ordered to report the debt as discharged in bankruptcy.  It also seeks $1,000 in statutory damages for violation of the Fair Debt Collection Practices Act.

---

[2]  The copy of the credit report attached to the proposed complaint is, however, somewhat ambiguous.  While the "Pay Status" is indeed shown as ">120 DAYS PAST DUE<", the "Balance" is shown as "$0" and the "Remarks" section is annotated ">CHAPTER 7 BANKRUPTCY<."  The allegation made in the complaint is that Capital One routinely reports discharged debts as "past due" in order to pressure "inexperienced, frightened or ill-counseled debtors" into paying the debt "in order to obtain real estate financing or to improve their credit score for other reasons." Complaint ¶ 26, 27, 29 and 31. In the absence of some evidence as how credit scores are computed, and, in particular, whether the "Pay Status" on a credit bureau report trumps other notations, the court cannot say that a violation of the discharge injunction has not been stated.

Because Capital One has not opposed reopening, and because any defenses it may have to the proposed complaint are not waived by a failure to object to reopening and may be raised after the creditor is served with the summons and complaint, the court will grant Kelley Burgess's motion to reopen.

Because Kevin Burgess's motion to reopen is opposed, however, a discussion of the applicable standard is appropriate. A closed bankruptcy case may be reopened for, among other reasons, "to accord relief to the debtor." § 350(b), Bankruptcy Code. Whether to reopen a closed case is discretionary with the court. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324 (4th Cir. 1984). Where the reason for the reopening is to obtain a determination of dischargeability or to enforce the discharge injunction, the underlying merits need not, and usually should not be, litigated as part of the motion to reopen, since reopening is a ministerial act, and a determination of the merits may require an opportunity for discovery. *In re Potes*, 336 B.R. 731 (Bankr. E.D. Va. 2005); *Arleaux v. Arleaux*, 210 B.R. 148, 149 (BAP 8th Cir. 1997). At the same time, a closed case should not be reopened if it is clear that no relief could be accorded the debtor. *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995); *see Thompson v. Commonwealth of Va. (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994) (affirming bankruptcy court's denial of chapter 7 debtor's motion to reopen case to add unpaid court costs from state court criminal conviction, since debt was nondischargeable as a matter of law).

The defenses asserted by HSBC in its opposition to the reopening of the case are that any misreporting of the debt was inadvertent and has been corrected and that the Fair Debt Collection Practices Act does not apply to a creditor collecting its own debt. *See Helmes v.*

*Wachovia Bank (In re Helmes)*, 336 B.R. 105 (Bankr. E.D. Va. 2005); 15 U.S.C. § 1692a(6) (2006).  In support of these defenses, HSBC has filed an affidavit of a paralegal employed by HSBC Finance Corporation stating that the debt was inadvertently misreported as a writeoff rather than discharged in bankruptcy and that, upon learning of the inadvertent report, HSBC immediately corrected it.

The court recognizes that under Judge Mayer's ruling in *Helmes,* Mr. Burgess may have a difficult time making a case for violation of the discharge injunction.  It also seems likely that HSBC has a valid defense to the FDCPA claim.  But Judge Mayer's ruling in *Helmes* came after a full evidentiary hearing in which he found that the misreporting of the debt was inadvertent.  Because the present case has not yet even been reopened, the court is disinclined to conclude, solely on the basis of the defendant's bare-bones affidavit, and without some opportunity for discovery, that Mr. Burgess will be unable to prove his assertion that HSBC intentionally misreported the debt as past due in order to pressure Mr. Burgess into eventually paying it.  Additionally, since HSBC's response was filed on the eve of the hearing, the court is disinclined to rule as a matter of law that no claim has been stated under the FDCPA without giving Mr. Burgess an opportunity to respond and to brief the issue.[3]  Nevertheless, the court

---

[3] There remains an unsettled issue whether this court would actually have subject-matter jurisdiction over the FDCPA claim.  The judges of this court are not in agreement whether supplemental jurisdiction exists over such claims when they grow out of the same facts as an alleged violation of the discharge injunction.  The undersigned judge has been consistently of the opinion that a bankruptcy judge cannot exercise supplemental jurisdiction over such claims.  *See Gates v. Didonato (In re Gates)*, No. 04-1240, 2004 WL 3237345 (Bankr. E.D. Va. Oct. 20, 2004).  Recently, however, the United States District Court for this district, in an unreported oral ruling, denied a motion for withdrawal of the reference for such a claim and directed that it be heard by this court.  Based on that ruling, this court would hear and determine the FDCPA claims.  Mr. Burgess should be aware, however, that an appellate
(continued...)

cautions Mr. Burgess's counsel that under Bankruptcy Rule 9011, the filing of a complaint constitutes a certification, among other things, that to the best of counsel's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(2). Accordingly, counsel should carefully research the defense asserted by HSBC prior to filing any complaint asserting such a cause of action.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motions to reopen are granted, and this case is reopened as to both debtors.

2. No trustee need be appointed in the reopened case.

3. Any adversary proceeding asserting violations of the discharge injunction and related claims shall be filed within 30 days of the entry of this order.

4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____           _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

---

[3](...continued)
court, when squarely faced with the issue, might well conclude that this court lacked subject-matter jurisdiction to consider the FDCPA claim, in which event the time and expense incurred in litigating it in this court would have been wasted.

5

Copies to:

Robert R. Weed, Esquire
Law Offices of Robert Ross Weed
1420 Prince Street, Suite 200
Alexandria, VA  22314
Counsel for the debtors

Robert A. Dybing, Esquire
Thompson & McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, VA 23219
Counsel for respondent HSBC USA, Inc.

Capital One Bank, FSB
Attn: Richard F. Fairbanks, President & CEO
1680 Capital One Drive
Falls Church, VA 22102
Respondent

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, suite 301
Alexandria, VA  22314
Chapter 7 trustee

Kevin P. Burgess
Kelley J. Burgess
12375 C Midsummer Lane, #101
Woodbridge, VA 22192